not cc.

UNITED STATES DISTRICT COURT
for New Hampshire

Paul Blackmer, Petitioner

Laurence Blaisdell Warden, Respondent

## Motion To Toll 28 USC § 2244 Limitations

NOW COMES Petitioner Paul Blackmer and formally requests the relevant 28 USC § 2244 limitations be tolled while Petitioner remedies his being inhibited in access to this federal habeas court by New Hampshire Department of Corrections' adamant refusal to sell Petitioner a new typewriter and says:

1. NH Department of Corrections refuses to sell Petitioner a new typewriter. His old one was seized by DOC on May 18, 2005 and Petitioner has failed in continuous effort since to purchase a new one as DOC refuses to sell him one.

2. As this cause for equitable tolling is explained/presented here well prior to violation of 28 USC § 2244 limitations, special judicial consideration as to existing extraordinary circumstance would be appropriate in considering this formal request to toll. see 329 S.W.2d 394.

3. There is a mountain of good reasons to grant the now sought petition for writ of habeas corpus as Petitioner received a full and fair hearing on nothing at trial court where counsel admittedly defended in accordance with bilateral approach to conspiracy and Petitioner was tried and convicted in accordance with unilateral approach to conspiracy. Denial of counsel's motion for a bill of particulars caused this farce and mockery. (# S-96-171 indictment indicated conspiracy with non-bonifide conspirator Deputy May, see US v Escobar de Bright 742 F2d 1196 for bilateral conspiracy and State v Rambousek 479 N.W. 2d 832 for unilateral conspiracy. Defense at trial was the # S-96-171 indictment was no good. Fact is, it was not good when seen in accordance with bilateral approach to conspiracy. (And in the related case, State v Blackmer, State v Winn 694 A2d 537 both Blackmer + Winn were tried in accordance with bilateral approach to conspiracy, same RSA 629:3.)

4. Petitioner does not at this time (Friday 9/25/05) have access to the District Court rules display so cannot provide authority for this formal request he be granted tolling of AEDPA limitations until NH Department of Corrections permits Petitioner to purchase a new typewriter. (DOC's preposterous song and dance that Petitioner does not have need for a new typewriter as he can use word processor machine during his less than adequate access time to the less than adequate law library facility here at Berlin Prison does not serve the cause of reason. If Petitioner devotes his less than adequate law library access time to the less than adequate law library facility to typing, when does he struggle to do his legal research work?)

5. Other prisoners in NH have typewriters for their use in constructing their legal work. Petitioner is denied equal protection of opportunity to exercise his right to meaningful access to the courts here as DOC refuses to sell Petitioner a new typewriter where DOC seized his old one incident to lugging Petitioner off to Concord Prison's SHU for a five weeks stay then dropping the charges they relied on to pull that stunt without a hearing being held.

(To Toll Limitations)

6. This Court shall here take into consideration FACT that in the matter now being prepared to be presented to this court in habeas corpus petition approach, Petitioner vehemently objected to counsel's filing of the harless than adequate Notice of Appeal counsel had prepared and Petitioner even resorted to insistence that inadequate Notice not be filed; then NH's Supreme Court ordered that inadequate Notice be filed over Petitioner's demand that not occur; then the Supreme Court took away Petitioner's counsel on appeal, refused to appoint alternate counsel and ordered Petitioner forth pro se with no assistance of counsel on that first/direct court accepted appeal #99-306. See Britt v Lucey 469 US 387, State v Underwood 110 NH 413, Bundy v Wilson 815 F2d 125, 130, State v Cigic 138 NH 313, 318, State v Cooper 127 NH 119, 122, Elkins v US 364 US 206, 222-223. FACT is, Petitioner refused to waive assistance of counsel on that direct/first court accepted appeal and never requested to proceed pro se. Then, after Petitioner briefed nineteen questions pro se on that farce and modlery of first/direct court accepted appeal #99-306, NH Supreme Court (in very smelly Linda Stewart-Dalianis writing) refused to hear seventeen of those nineteen questions based on rationale the Notice of Appeal was no good. Recall that Court had ordered that Notice of Appeal filed over Petitioner's insistance it not be filed because it was not adequate. (Hell of a judicial racket, this? And law requires the mighty/the righteous Petitioner Blackmer take the very smelly rightwinger ass Dalianis and her judicial associates seriously! See State v Canelo 653 A2d 1097 for Dalianis summarily abdicating her judicial authority/obligation and summarily bestowing it onto street police! And Ms. Dalianis falsly portraying fact, law and issue in the formal request to reconsider in Blackmer v Warden #05-0034! And .....)

Petitioner waited three years two months to get to trial in the instant matter because because of the State's defiance of discovery orders in the related case now at First Circuit appeals court at Blackmer v Warden #05-1248. And there remains undisclosed discovery material/evidence in the matter about to be dumped in this federal habeas court's lap that shall upon disclosure require new trials in all Petitioner's cases, FACT, this!

7. Petitioner requires DOC sell him a new typewriter and that AEDPA limitations be tolled until such occurs.

WHEREFORE Petitioner formally requests that this Federal Habeas Court order limitations be tolled as is formally requested here and/or for other and just relief as is deemed to be appropriate. (Perhaps a hearing being held here would assist to persuade the court to grant as is here requested. Courage, James, courage!)

Respectfully Submitted,
Paul Blackmer #92106
NCF Berlin 9/24/05

No Notary available 9/26/05
BB

copy to AG Kelly Ayotte

AMENDED! And this habeas court would see the racket this court has going for itself in employing weasely means to in de facto manner suspend habeas relief where; when a state prisoner moves for habeas relief this court frequently boots the petition for failure to exhaust State remedy, the prisoner then in good faith retreats to state courts to exhaust remedy there; then upon belief the prisoner has so succeeded to exhaust state remedy in his pro se approaches to the state courts the prisoner reapproach this federal habeas court for just relief; then this federal habeas court frequently denies access to federal habeas relief in decision the Prisoner's state filings were not proper. See Johnson v Zerbst 304 US 458, Holloway v Arkansas 435 US 475 for "automatic reversal" etc.

Shame. See 28 USC § 2244 in toto and suspension clause.

SHAME!!!