**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Paul Blackmer

    v.                                            Civil No. 05-cv-340-PB

Warden, Northern New Hampshire
Correctional Facility

**O R D E R**

*Pro se* petitioner Paul Blackmer has filed an objection (document no. 21) to my report and recommendation (document no. 19), recommending dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. See Rule 4 of the Rules Governing Section 2254 Proceedings (requiring initial review to determine whether the petition is facially valid and may be served); United States District Court for the District of New Hampshire Local Rules 4.3(d)(authorizing the magistrate judge to preliminarily review *pro se* pleadings).  Because I find Blackmer's objection to be meritorious, I order him to amend his petition to demonstrate exhaustion of his unexhausted claims (Grounds 1-4, 6-7, 9-12, 14-20, 22-25).  By report and recommendation issued simultaneously herewith, I recommend dismissal of the remaining claims (Grounds 5, 8, 10, 13, 15, 21

and 26).[1]

## Standard of Review

In reviewing a *pro se* petition, this Court must construe the pleadings liberally, see Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976)), treating all well-pleaded factual allegations as true and drawing all reasonable inferences in the litigant's favor, see Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that *pro se* pleadings are given fair and meaningful consideration.  See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

## Background

Blackmer was convicted in New Hampshire Superior Court (Belknap County) on October 3, 1997 on charges of possession of marijuana with intent to sell and conspiracy to possess marijuana with intent to sell.  He was again convicted on March 11, 1999 on a charge of conspiracy to possess marijuana with intent to sell and was sentenced on May 5, 1999.  The underlying facts and

---

[1]For the reasons discussed herein, I have recommended dismissal of Grounds 10 and 15 only in part.

2

procedural history regarding Blackmer's convictions are set forth, in part, at State v. Blackmer, 149 N.H. 47, 48, 816 A.2d 1014, 1016 (2003):

> In April 1994, the police arrested the defendant after observing him retrieve two packages, containing approximately fifty pounds of marijuana, from a United Parcel Service (UPS) office in Laconia.  In June 1994, a grand jury indicted the defendant for possession of marijuana with the intent to sell and conspiracy to possess marijuana with the intent to sell.  In October 1994, the grand jury reindicted the defendant for possession of marijuana with intent to sell, subsequent offense, and conspiracy to possess marijuana with intent to sell, subsequent offense.  The October 1994 indictments replaced the June 1994 indictments; the State later *nol prossed* all of these indictments.
>
> In May 1996, a grand jury reindicted the defendant for possession of marijuana with intent to sell and conspiracy to possess marijuana with intent to sell based upon the 1994 UPS incident.  In 1997, he was tried and convicted of these charges and sentenced to prison.
>
> In May 1996, the defendant was also indicted for conspiracy to possess marijuana with the intent to sell stemming from alleged activities between December 1995 and January 1996.  This conspiracy charge was severed from the charges based upon the 1994 incident and is the charge at issue in this appeal.

State v. Blackmer, 149 N.H. 47, 48, 816 A.2d 1014, 1016 (2003).

In his objection to the report and recommendation, Blackmer alleges that the instant federal habeas corpus petition pertains solely to his 1999 conviction (document nos. 21-1 at ¶2 and 23-1


at ¶2). It therefore is clear that his petition is not successive. The following facts pertain to that conviction.

Following Blackmer's 1999 conviction, his counsel, Glenn Geiger, filed a notice of appeal with the New Hampshire Supreme Court ("NHSC") on August 5, 1999. Blackmer subsequently filed an "objection to court ordered filing of notice of appeal", arguing that the appeal inadequately addressed the twenty issues raised. While Blackmer has not provided this Court with a copy of the appeal, the record reflects that the NHSC reviewed only three of the twenty claims allegedly raised:

> (1) whether the State's failure to provide Blackmer with a transcript of a police officer's grand jury testimony regarding previous offenses of possession of marijuana with intent to sell and conspiracy to possess marijuana with intent to sell violated his right to a speedy trial;
>
> (2) whether the fact that an alleged co-conspirator was a police officer who never intended to possess or sell marijuana negated the crime of conspiracy; and
>
> (3) whether the trial court lacked jurisdiction to sentence Blackmer and whether the New Hampshire sentencing statute applied where the crime that was the object of the conspiracy was to be committed in Massachusetts.

The NHSC declined to review the remaining claims on the basis that they were not preserved, were not fully developed for appellate review or were not raised in the notice of appeal. See

Blackmer, 149 N.H. at 48, 816 A.2d at 1016.

On October 22, 1999, Blackmer filed a petition for mandamus which was subsequently denied; the record is silent as to the issues raised.  In a published decision, the NHSC affirmed Blackmer's conviction on January 10, 2003 and subsequently denied his motion for reconsideration on March 14, 2003.  See id.

Blacker then filed a motion for new trial with the New Hampshire Superior Court (Belknap County) which was denied.  His motion for reconsideration allegedly was denied on August 30, 2004.  He also filed a petition for a writ of habeas corpus with the New Hampshire Superior Court (Merrimack County) on August 30, 2004, which was denied without a hearing on November 17, 2004.  His subsequent motion for reconsideration was denied on December 17, 2004.  None of the aforementioned documents have been provided to this Court, therefore the record is silent as to the issues raised.

Blacker filed an appeal with the NHSC on January 11, 2005 which was dismissed in part and declined in part on June 13, 2005.  His motion for reconsideration was denied on September 15, 2005.  While Blackmer has provided a copy of the NHSC's orders, he has not provided this Court with a copy of his appeal or

motion for reconsideration, therefore, the record is silent as to the issues presented to the NHSC.

Blackmer now brings the instant habeas corpus petition, which I liberally construe in his favor to allege the following twenty-six grounds for relief:

1. denial of the Sixth Amendment right to effective assistance of trial counsel when:

    a. trial counsel defended Blackmer under a bilateral approach to conspiracy when he was prosecuted, convicted and sentenced under a unilateral approach to conspiracy, pursuant to N.H. Rev. Stat. Ann. § 629:3, I (Grounds 1 and 22);

    b. trial counsel misconstrued the New Hampshire conspiracy statute, N. H. Rev. Stat. Ann. § 629:3, I (Ground 2); and

    c. standby counsel failed to move for a mistrial during the October 1997 trial when the prosecution disclosed evidence that re-established Blackmer's standing to challenge the unlawful search and seizure (Ground 23);

2. denial of the Sixth Amendment right to a speedy trial when Blackmer was arrested in January 1996 and tried in March 1999 (Grounds 3 and 14);

3. N.H. Rev. Stat. Ann. § 629:3 is void for vagueness and ambiguous, in violation of Blackmer's Fourteenth Amendment right to due process (Ground 4).[2]

4. conviction obtained by a defective indictment that failed to

---

[2] Blackmer has failed to identify any Fourth or Eighth Amendment claim relating to the N.H. Rev. Stat. Ann. § 629:3, therefore, I construe his claim to allege only a Fourteenth Amendment violation.

        give notice of the offense charged, in violation of Blackmer's Fifth Amendment right to due process; Blackmer further asserts that his conviction was obtained under the unilateral approach to conspiracy when he was convicted under the bilateral approach to conspiracy in related criminal maters (Ground 11);

5. conviction obtained by evidence seized pursuant to a non-arrest (Ground 5) and unlawful search and seizure (Grounds 8 and 13), in violation of Blackmer's Fourth Amendment right to be free from unreasonable search and seizure;

6. conviction obtained by prosecution's failure to disclose exculpatory evidence in violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) (Grounds 6-7 and 9), including the failure to disclose memoranda from witness Jane Young (Ground 6), testimony of Drug Enforcement Agent Michael Connolly (Ground 7) and the identity of Grafton County Deputy Sheriff Kenneth May (Ground 9);

7. denial of the Sixth Amendment right to appellate counsel (Grounds 10 and 15), including denial of counsel on direct appeal (Ground 15);

8. punishment imposed for violation of marijuana laws in violation of Blackmer's Eighth Amendment right to be free from cruel and unusual punishment, as the punishment is unduly severe for the crime charged (Ground 12);

9. conviction obtained by prosecution's interference with the attorney-client relationship, in violation of Blackmer's Sixth Amendment right to counsel (Ground 16);

10. denial of the right to a fair trial, in violation of Blackmer's Fourteenth Amendment right to due process, where the New Hampshire jury instruction pertaining to conspiracy erroneously described a bilateral approach to conspiracy and Blackmer was tried under a unilateral approach to conspiracy (Ground 17);

11. trial court lacked jurisdiction to impose the sentence because:

      a.   the crime that was the object of the conspiracy was to be committed in Massachusetts, therefore, the trial court was required to sentence Blackmer in accordance with Massachusetts law (Ground 18) and

      b.   under New Hampshire conspiracy law, Blackmer was to be sentenced in accordance with Massachusetts or California conspiracy law with regard to the issue of intent to possess and sell marijuana (Ground 20);

12. interference with Blackmer's Sixth Amendment right to counsel when trial court ordered counsel to file a notice of appeal that was inadequate and resulted in the NHSC declining to review seventeen of twenty claims raised in that appeal (Ground 19);

13. conviction obtained by entrapment in violation of Blackmer's Fourteenth Amendment right to due process, whereby Grafton County Deputy Sheriff Kenneth May committed the necessary overt acts in New Hampshire in order to establish a conspiracy claim against Blackmer (Ground 21);

14. interference with Blackmer's Sixth Amendment right to effective assistance of counsel when trial court denied his motion for a mistrial despite prosecution's introduction of suppressed evidence (Ground 24);

15. denial of the Sixth Amendment right to trial counsel (Ground 25); and

16. denial of meaningful access to the courts arising from inadequate law library facilities (Ground 26).

## Discussion

I. <u>Custody and Exhaustion</u>

To be eligible for habeas relief, Blackmer must show that he is in custody and has exhausted all state court remedies (or that he falls within a narrow category of cases in which exhaustion is

8

not required, such as the absence of an available or effective state corrective process). See 28 U.S.C. § 2254(a) & (b); see also Duncan v. Henry, 513 U.S. 364, 365 (1995). He satisfies the first requirement as he is currently incarcerated at the Northern New Hampshire Correctional Facility and thus is in custody. However, Blackmer fails to satisfy the second requirement because the petition does not demonstrate that he has fully exhausted his state remedies with regard to each claim. Nor has he alleged any facts to suggest that effective state court remedies are unavailable to him.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims. See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan, 513 U.S. at 365-66 (requiring petitioner to "fairly present" his claim in the appropriate state courts, including a state supreme court with powers of discretionary review, thereby alerting that court to

the federal nature of the claim)).  "[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to <u>each and every claim</u> contained within the application."  <u>Adelson v. DiPaola</u>, 131 F.3d 259, 261 (1st Cir. 1997) (emphasis added).

In the instant petition, Blackmer raises twenty-six grounds for federal habeas corpus relief.  For the reasons stated below, I conclude that certain claims are not cognizable for purposes of federal habeas review (Grounds 5, 8, 10, 13, 15, 21 and 26) and by report and recommendation issued simultaneously herewith recommend that they be dismissed.  As the remaining claims have not been shown to be exhausted (Grounds 1-4, 6-7, 9-12, 14-20, 22-25), Blackmer is permitted to amend his petition to demonstrate exhaustion of state remedies as to those claims.

A.   Noncognizable Claims

1.   Unreasonable Search and Seizure

Grounds Five, Eight and Thirteen of the petition allege that Blackmer was subjected to a series of unreasonable searches and seizures in violation of his Fourth Amendment rights.

Habeas corpus relief is not available on a Fourth Amendment claim where the petitioner had a full and fair opportunity to

10

raise the claim in state court.  See Stone v. Powell, 428 U.S. 465, 494 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."); accord Gandarilla v. Artuz, 322 F.3d 182, 185 (2d Cir. 2003)("[T]he merits of a Fourth Amendment challenge are not reviewable in a federal habeas proceeding if a defendant has had a fair opportunity to litigate that question in State court. . .").

Here, the petition does not present any facts from which this Court could conclude that Blackmer was not given a full and fair opportunity to litigate his Fourth Amendment claims in the state courts.  To the contrary, the petition indicates that he did litigate certain Fourth Amendment claims stemming from an alleged unlawful search and seizure.  Blackmer asserts that the trial court erred in denying his motion for a mistrial when the prosecution introduced evidence that was seized during a January 1996 search of his residence (document no. 15 at p.13, ¶4).  Although the record is silent as to whether he sought further review of his Fourth Amendment claims, Blackmer has not alleged that he was denied this opportunity or any state corrective

process.  His Fourth Amendment claims therefore are not reviewable in federal habeas corpus.  Accordingly, by report and recommendation issued simultaneously herewith I recommend dismissal of his Fourth Amendment claims as alleged in Grounds Five, Eight and Thirteen.

    2. Denial of the Right to Appellate Counsel

Grounds Ten and Fifteen of the petition allege that Blackmer was denied the Sixth Amendment right to appellate counsel (Grounds 10 and 15).  Blackmer appears to allege that he was denied appellate counsel on direct appeal of his conviction and also during post-conviction or collateral proceedings.

The Supreme Court recently has held that in certain circumstances due process and equal protection require appointment of counsel for indigent defendants who seek first-tier or initial direct appeal.  See Halbert v. Michigan, 125 S. Ct. 2582, 2586-87 (2005)(holding that the Federal Constitution imposes on states no obligation to provide appellate review of criminal convictions, however, where state provides first appeals as of right, state must appoint counsel to represent indigent defendants).  It is well established, however, that there is no constitutional right to counsel after the first appeal as of right and, therefore, no right to counsel on post-conviction or

collateral proceedings.  See Coleman v. Thompson, 501 U.S. 722, 752-53 (1991).  To the extent Blackmer alleges denial of appellate counsel during post-conviction or collateral proceedings, his claims are not reviewable in federal habeas corpus.  Accordingly, by report and recommendation issued simultaneously herewith I recommend dismissal of those claims (Grounds 10 and 15, in part).   To the extent he alleges denial of appellate counsel on direct appeal of his conviction, I order Blackmer to amend his petition, as explained below, to demonstrate exhaustion of his claims and the federal nature of his claims (Grounds 10 and 15, in part).

       3.   Denial of Meaningful Access to the Courts

Blackmer further alleges that he has been denied adequate law library facilities and meaningful access to the courts (Ground 26).  While prisoners possess the constitutional right of meaningful access to the courts, see Bounds v. Smith, 430 U.S. 817, 821 (1977), a prisoner's claim challenging his ability to gain access to the courts is a challenge to his conditions of confinement and, therefore, should be brought as a civil rights action under 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), rather than a petition for a writ of habeas corpus.  See Lewis v.

Casey, 518 U.S. 343 (1996); Lehn v. Holmes, 364 F.3d 862 (7th Cir. 2004). Because Blackmer's claim pertains solely to his conditions of confinement, I conclude that it is not cognizable under federal habeas review. Accordingly, by report and recommendation issued simultaneously herewith I recommend dismissal of this claim (Ground 26).

        4.   Entrapment

Construed liberally, Ground Twenty-one of the petition appears to allege the defense of entrapment and that Blackmer's conviction was obtained by entrapment in violation of his Fourteenth Amendment right to due process (Ground 21). Blackmer alleges that the prosecution and police orchestrated the conspiracy, whereby Grafton County Deputy Sheriff Kenneth May committed the necessary overt acts in New Hampshire in order to establish a conspiracy claim against Blackmer.

It is well-established that entrapment is not a constitutional defense. See Hampton v. United States, 425 U.S. 484, 488-91 (1976); United States v. Russell, 411 U.S. 423, 433 (1973). See also Vega v. Suthers, 195 F.3d 573, 583 (10th Cir. 1999)(defense of entrapment not of a constitutional dimension (citations omitted). Claims relating to the denial of an entrapment defense, even when the defense is applicable as a

14

matter of state law, are not cognizable in habeas because such claims are not of constitutional magnitude.  See Vega, 195 F.3d at 583-83 & n.16 (citing Johns v. McFadden, No. 93-15844, 1994 WL 192391, at *3 (9th Cir. May 13, 1994); see also Tocco v. Senkowski, 2002 WL 31465803, at *3 (S.D.N.Y. Nov. 4, 2002) (claim of entrapment does not raise a constitutional issue; failure of trial judge to give entrapment charge, even if error, does not entitle petitioner to habeas corpus relief); Bouyer v. Elo, 2001 WL 902504, at *4 (E.D. Mich. Jun. 28, 2001)(claim of entrapment a state law issue and not cognizable on habeas review); Maples v. Stegall, 175 F. Supp. 2d 918, 922 (E.D. Mich. 2001) (entrapment not a constitutional defense).  To the extent Blackmer alleges a claim of entrapment, I conclude that it is a state law issue and therefore not cognizable on federal habeas review.  Accordingly, by report and recommendation issued simultaneously herewith I recommend dismissal of this claim (Ground 21).

    B.    Unexhausted Claims

With regard to the remaining claims (Grounds 1-4, 6-7, 9-12, 14-20, 22-25), Blackmer has failed to demonstrate exhaustion of state remedies.  While Grounds Eighteen and Twenty are similar to the claims raised in his appeal to the NHSC, it is unclear from the record whether Blacker has presented the federal nature of

those claims to the NHSC for review.  To demonstrate exhaustion of each unexhausted claim, Blackmer must provide the court with copies of any additional motions, petitions, notices of appeal, briefs and orders and/or final judgments issued by the state courts, addressing the above claims.  See Smith v. Digmon, 434 U.S. 332, 333 (1978) (discussing documents which would enable a federal court to determine whether the grounds supporting the habeas petition had been presented for review in the state courts).  In particular, he should provide this Court with copies of each notice of appeal to the NHSC.  He may need to return to the state courts to fully present the unexhausted claims and the federal nature of each claim before he can make the required amendment to his federal petition.

III. Stay

The Supreme Court has recently decided that a district court should stay a habeas corpus petition if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that he engaged in intentionally dilatory litigation tactics.  See Rhines v. Weber, 544 U.S. 269, 278-79 (2005) (permitting a federal district court to stay a federal habeas action and hold the petition in abeyance while the petitioner exhausts claims in

state court).  See also Duncan v. Walker, 533 U.S. 167, 182-83 (2001) (Stevens, J., concurring) (district court may retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies). Staying unexhausted claims may be the only appropriate course in cases in which an outright dismissal threatens to imperil the timeliness of a collateral attack.  Neverson v. Bissonnette, 261 F.3d 120, 126 n.3 (1st Cir. 2001); see also Delaney v. Matesanz, 264 F.3d 7, 15 n.5 (1st Cir. 2001) (recommending staying exhausted claims where "there is a realistic danger that a second petition, filed after exhaustion has occurred, will be untimely").  Accordingly, if Blackmer elects to exhaust his unexhausted claims, I will order the proceedings stayed and the petition held in abeyance, pending complete exhaustion of state remedies.

## Conclusion

For the reasons stated above, and by report and recommendation issued simultaneously herewith, I recommend dismissal of Grounds 5, 8, 10, 13, 15, 21 and 26.[3]

Because the remaining claims have not been shown to be

---

[3] For the reasons discussed herein, I have recommended dismissal of Grounds 10 and 15 only in part.

17

exhausted, I will allow Blackmer an opportunity to amend his petition to demonstrate exhaustion of state remedies and clearly identify the federal nature of those claims, Grounds 1-4, 6-7, 9-12, 14-20, 22-25.  To make this showing, he is instructed to provide the court with a copy of his notice(s) of appeal to the NHSC and any other relevant state court pleadings, orders or decisions within thirty (30) days.  If the claims have not been exhausted, he is ordered to notify the court either (1) that he is withdrawing the claims or (2) that he is proceeding in state court to exhaust them.

In the event he chooses to exhaust in state court, he must commence the state court proceedings within thirty (30) days of the date of this order.  I will order the proceedings stayed and the petition held in abeyance, pending complete exhaustion of state remedies.  The stay will be issued under the following two conditions:

> 1.  Blackmer is ordered to contact this court every 90 days, beginning from the date of entry of this order, and inform the court of the status and pendency of his state court proceedings, if any, and the disposition of any appeal or related matter.
>
> 2.  Within 30 days following any ruling and/or notification by the New Hampshire Supreme Court on the claims at issue, and the exhaustion of such claims, Blackmer must notify this court of the

      ruling and submit all briefs or other pleadings filed in the state court proceedings; he must also file a request with this Court, stating that his state court matter has been disposed of and that he wishes to terminate the stay and have this court further consider his petition.

    Failure to comply with either condition may result in dismissal of the petition without prejudice.

    **SO ORDERED.**

                          _/s/ James R. Muirhead_
                          James R. Muirhead
                          United States Magistrate Judge

Date: June 7, 2006

cc:   Paul Blackmer, *pro se*