**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Paul Blackmer

     v.                                   Civil No. 05-cv-340-PB

Warden, Northern New Hampshire
Correctional Facility

**REPORT AND RECOMMENDATION**

     Pro se petitioner Paul Blackmer has filed a petition for a writ of habeas corpus and amendments thereto, pursuant to 28 U.S.C. § 2254, challenging his state court conviction and confinement (document nos. 1, 3-4, 11-18 and 33).  The petition is before me for preliminary review.  See Rule 4 of the Rules Governing Section 2254 Proceedings (requiring initial review to determine whether the petition is facially valid and may be served); United States District Court for the District of New Hampshire Local Rules 4.3(d)(authorizing the magistrate judge to preliminarily review pro se pleadings).

     I previously ordered Blackmer to amend his petition to demonstrate exhaustion of Grounds 1-4, 6-7, 9-12, 14-20 and 22-25 (document no. 26).  I further recommended dismissal of Grounds 5,

8, 10, 13, 15, 21 and 26[1] (document no. 25).  Blackmer now amends his petition and objects to the dismissal of the aforementioned grounds.

For the reasons stated below, I recommend that the petition be served upon the respondent as to Grounds 1-4, 6-7, 9-12, 14-17, 19 and 22-25.  As to Grounds 5, 8, 10, 13, 15, 21 and 26, the amended petition does not alter my analysis set forth in the previous report and recommendation and order, recommending dismissal of those grounds.  Accordingly, I adopt my recommendation there (document nos. 25 & 26).  Grounds 18 and 20 fail to state a claim upon which federal habeas corpus relief may be granted, therefore, I recommend they be dismissed.

## Standard of Review

In reviewing a pro se petition, this Court must construe the pleadings liberally, see Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976)), treating all well-pleaded factual allegations as true and drawing all reasonable inferences in the litigant's favor,

---

[1]I recommended dismissal of Grounds 10 and 15 only in part. My report and recommendation was approved by the United States District Court Judge (Barbadoro, J.) on June 21, 2006 (document no. 30).

see Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

## Background

Blackmer was convicted in New Hampshire Superior Court (Belknap County) on October 3, 1997 on charges of possession of marijuana with intent to sell and conspiracy to possess marijuana with intent to sell.  He was again convicted on March 11, 1999 on a charge of conspiracy to possess marijuana with intent to sell and was sentenced on May 5, 1999.  The underlying facts and procedural history regarding Blackmer's convictions are set forth, in part, at State v. Blackmer, 149 N.H. 47, 48, 816 A.2d 1014, 1016 (2003):

> In April 1994, the police arrested the defendant after observing him retrieve two packages, containing approximately fifty pounds of marijuana, from a United Parcel Service (UPS) office in Laconia.  In June 1994, a grand jury indicted the defendant for possession of marijuana with the intent to sell and conspiracy to possess marijuana with the intent to sell.  In October 1994, the grand jury reindicted the defendant for possession of marijuana with intent to sell, subsequent offense, and conspiracy to possess marijuana with intent to sell, subsequent offense.  The October 1994 indictments replaced the June 1994 indictments; the

3

> State later *nol prossed* all of these indictments.
>
> In May 1996, a grand jury reindicted the defendant for possession of marijuana with intent to sell and conspiracy to possess marijuana with intent to sell based upon the 1994 UPS incident.  In 1997, he was tried and convicted of these charges and sentenced to prison.
>
> In May 1996, the defendant was also indicted for conspiracy to possess marijuana with the intent to sell stemming from alleged activities between December 1995 and January 1996.  This conspiracy charge was severed from the charges based upon the 1994 incident and is the charge at issue in this appeal.

Id. at 48, 816 A.2d at 1016.

Blackmer alleges that the instant federal habeas corpus petition pertains solely to his 1999 conviction (see document nos. 21-1 at ¶2 and 23-1 at ¶2), therefore, it is clear that his petition is not successive.  The following facts pertain to that conviction.

Direct Appeal

Following Blackmer's 1999 conviction, his counsel, Glenn Geiger, filed a notice of appeal with the New Hampshire Supreme Court ("NHSC") on August 5, 1999.  In the appeal and accompanying brief, Blackmer alleged the following claims relevant to this action:

> (1)   whether the trial court erred in denying his Motion for a Bill of Particulars where the

4

indictment was insufficient because it lacked specificity as to notice of the offense charged and acts committed by Blackmer;

(2)   whether the trial court erred in denying his Motion to Suppress I where evidence was seized pursuant to Blackmer's non-arrest or unlawful arrest in California and admitted into evidence at trial in violation of his Fourth Amendment rights;

(3)   whether the trial court erred in denying his Motion to Suppress II where the video and audio surveillance of Blackmer's hotel room in California violated his Fourth Amendment rights;

(4)   whether the trial court erred in partially denying his Motion in Limine and whether the court violated the New Hampshire Rules of Evidence by (a) admitting into evidence prior bad acts and "evidence of other matters that were severed" from Blackmer's case and (b) admitting into evidence portions of a transcript pertaining to conversations between Blackmer and an undercover police officer;

(5)   whether the trial court erred in denying his Motion to Dismiss for Lack of a Speedy Trial where Blackmer was denied the right to a speedy trial in violation of his Sixth and Fourteenth Amendment rights;

(6)   whether the trial court erred in denying his Motion to Dismiss at the conclusion of evidence where there was no agreement or meeting of the minds to constitute conspiracy because Kenneth May, an undercover government agent, never intended to bring or possess marijuana in the State of Massachusetts;

(7)   whether the trial court erred in denying his Motion to Dismiss at the conclusion of evidence where there was no agreement or meeting of the

5

minds when an individual conspires to violate the law with only one other person and that person is a government agent (citing <u>United States v. Escobar de Bright</u>, 742 F.2d 1196, 1999 (9th Cir. 1984)(holding that "'as it takes two to conspire, there can be no indictable conspiracy with a government informer who secretly intends to frustrate the conspiracy.'") (quoting <u>Sears v. United States</u>, 343 F.2d 139, 142 (5th Cir. 1965));

(8)   whether the trial court erred in denying his Motion to Dismiss at the conclusion of evidence where the crime of conspiracy under N. H. Rev. Stat. Ann. ("RSA") 629:3[2] requires that an overt act be committed in the State of New Hampshire;

(9)   whether the trial court erred in denying his Motion to Dismiss at the conclusion of evidence because RSA 625:4(d)[3] is unconstitutional; a

---

[2]RSA 629:3 I provides:

I.   A person is guilty of conspiracy if, with a purpose that a crime defined by statute be committed, he agrees with one or more persons to commit or cause the commission of such crime, and an overt act is committed by one of the conspirators in furtherance of the conspiracy.

[3]RSA 625:4 I(d) provides:

I.   Except as otherwise provided in this section, a person may be convicted under the laws of this state for any offense committed by his own conduct or by the conduct of another for which he is legally accountable if:

.   .   .

(d)   Conduct occurring within this state would constitute complicity in the commission of, or an attempt, solicitation or conspiracy to commit an offense in another jurisdiction which is also an

conspiracy to commit an offense in another
jurisdiction is not a crime in the State of New
Hampshire;

(10)  whether the trial court erred in denying his
requested jury instruction on the charge of
general conspiracy; to establish conspiracy, an
overt act must have been committed in New
Hampshire, and there must have been an intent to
distribute marijuana in New Hampshire;

(11)  whether the trial court erred in denying his
requested jury instruction on the charge of
possession with intent to distribute a controlled
drug; to establish such crime, there must have
been an intent to possess and intent to distribute
marijuana in the State of New Hampshire;

(12)  whether the trial court erred in denying his
Motion to Set Aside Verdict and Grant New Trial
where the verdict was against the weight of
evidence, and the prosecution's chief witness
testified that he never intended to bring
marijuana to the State of Massachusetts for sale
and that was never any agreement or meeting of the
minds essential to establish Blackmer's guilt;

(13)  whether the trial court erred in sentencing
Blackmer under RSA 629:3 IV[4], because the object
for the conspiracy was to possess more than five
pounds of marijuana with intent to distribute in
the State of Massachusetts and the maximum term of
that object of the conspiracy under the Controlled
Substance Act of the State of Massachusetts, see

_____

offense under the law of this state.

[4]RSA 629:3 IV provides in relevant part:

IV.  The penalty for conspiracy is the same as that
authorized for the crime that was the object of the
conspiracy. . .

Mass. Gen. Laws Ann. ch. 94c, § 32C(a), was two
years;

(14) whether the indictment was fatally flawed
where it was legally impossible to conspire
with a government agent or informant who
intended to frustrate the conspiracy, in
violation of Blackmer's Sixth and Fourteenth
Amendment rights; Kenneth May, an undercover
government agent, intended to frustrate the
conspiracy, thus there was no agreement or
meeting of the minds to constitute a
conspiracy (citing United States v. Kelly,
888 F.2d 732, 740 (11th Cir. 1989) (holding
that a defendant's conversations with a
government undercover agent did not
constitute a conspiracy because it was
legally impossible to conspire with a
government agent or informant who aims to
frustrate the conspiracy));

(15) whether disclosure of exculpatory evidence
provided new evidence that required the
reversal of Blackmer's conviction; and
whether his conviction was obtained by the
prosecution's failure to disclose exculpatory
evidence in violation of Brady v. Maryland,
373 U.S. 83 (1963), including the failure to
disclose perjured testimony of Drug
Enforcement Agent Michael Connolly; and

(16) whether the trial court lacked jurisdiction
to sentence Blackmer because RSA 629:3 is
unconstitutional and no New Hampshire judge
has authority to impose a sentence in
accordance with Massachusetts law.

While the appeal was pending on August 12, 1999, Blackmer

filed an "objection to court ordered filing of notice of appeal",

arguing that the appeal inadequately addressed the issues raised.

8

Construed liberally, the objection raised the following claims

relevant to this action:

>    (1)    conviction obtained by a defective indictment
>           that failed to give notice of the offense
>           charged and failed to establish the element
>           of agreement under the conspiracy charge
>           (citing Escobar de Bright, 742 F.2d at 1196
>           (holding there is no agreement or meeting of
>           the minds when an individual conspires to
>           violate the law with only one other person
>           and that person is a government agent));
>
>    (2)    conviction obtained by the prosecution's
>           failure to disclose exculpatory evidence in
>           violation of Brady, 373 U.S. 83, including
>           the failure to disclose testimony of Drug
>           Enforcement Agent Michael Connolly;
>
>    (3)    conviction obtained by evidence seized pursuant to
>           an unlawful search and seizure, in violation of
>           Blackmer's Fourth Amendment right to be free from
>           unreasonable search and seizure; and
>
>    (4)    trial court lacked jurisdiction to impose the sentence;
>           the crime that was the object of the conspiracy was to
>           be committed in Massachusetts, therefore, the trial
>           court was required to sentence Blackmer under
>           Massachusetts law but lacked jurisdiction to do so.

Although the record is silent as to the NHSC's ruling on

Blackmer's objection, the record reflects that the NHSC reviewed

only three claims raised in the appeal:

>    (1)    whether Blackmer was denied the right to a
>           speedy trial in violation his rights under
>           the Sixth and Fourteenth Amendments when the
>           State failed to disclose testimony of Special
>           Agent Michael Connolly;

9

    (2)    whether the fact that an alleged co-
            conspirator was a police officer who never
            intended to possess or sell marijuana negated
            the crime of conspiracy (citing <u>Escobar de
            Bright</u>, 742 F.2d at 1999 and <u>Sears</u>, 343 F.2d
            at 142); and

    (3)    whether the trial court lacked jurisdiction
            to sentence Blackmer and whether the New
            Hampshire sentencing statute applied where
            the crime that was the object of the
            conspiracy was to be committed in
            Massachusetts.

The NHSC declined to review the remaining claims on the basis

that they were not preserved, were not fully developed for

appellate review or were not properly raised in the notice of

appeal.  <u>See</u> <u>Blackmer</u>, 149 N.H. at 48, 816 A.2d at 1016.  In a

published decision, the NHSC affirmed Blackmer's conviction on

January 10, 2003 and subsequently denied his motion for

reconsideration on March 14, 2003.  <u>See</u> <u>id.</u>  While his appeal was

pending on October 22, 1999, Blackmer filed a petition for

mandamus with the NHSC, which was denied on February 7, 2002; the

record is silent as to the issues raised.  The record further

reflects that a mandate was issued on March 18, 2003.

<u>Miscellaneous State Court Filings</u>

    Blackmer filed a motion for new trial with the New Hampshire

Superior Court (Belknap County) on November 17, 2003 which was

denied on December 30, 2003.  He also filed a motion for court
appointed counsel and a motion to "serve notice on the
proceedings" on November 17, 2003.  The record is silent as to
the disposition of the motions.  He then filed a "motion for
expansion of time to move for reconsideration" on January 2,
2004, a "motion for hearing and to reconsider order denying
motion for new trial" on January 7, 2004 and a "demand for formal
findings of fact and rulings of law" on January 7, 2004.  The
superior court denied his motions on or about August 12, 2004.[5]
On February 9, 2004, Blackmer filed a "demand in accordance with
RSA 91:A; the record is silent as to the disposition of the
demand.

### State Court Habeas Corpus Petition

On August 30, 2004, Blackmer filed a petition for a writ of
habeas corpus and supporting documents with the New Hampshire
Superior Court (Merrimack County).  Construed liberally, the
petition raises the following claims relevant to this action:

(1)  the New Hampshire jury instruction pertaining
     to conspiracy erroneously described a
     bilateral theory of conspiracy, and Blackmer
     was tried under a unilateral theory of

---

[5]Although the superior court denied his motions on July 2,
2004, the notice of decision is dated August 12, 2004, and
Blackmer allegedly received notice on August 13, 2004.

conspiracy; attached as an exhibit to the
state court habeas petition is a copy of
Escobar de Bright, 742 F.2d at 1196 (where
defendant alleged that the district court
erred in refusing to instruct the jury that
she could not be found guilty of conspiracy
if she conspired only with a government
agent);

(2)   denial of the right to a speedy trial when
Blackmer was arrested in January 1996 and
tried in March 1999 and where the delay was
caused by the prosecution's failure to
disclose exculpatory evidence;

(3)   conviction obtained by a defective indictment
that failed to give notice of the offense
charged and failed to establish the element
of agreement under the conspiracy charge;
attached as an exhibit to the state court
habeas petition is a copy of Escobar de
Bright, 742 F.2d at 1196 (holding there is no
agreement or meeting of the minds when an
individual conspires to violate the law with
only one other person and that person is a
government agent);

(4)   conviction obtained under the unilateral
theory of conspiracy when Blackmer was
convicted under the bilateral theory of
conspiracy in related criminal maters, in
violation of his rights under the Fourth,
Fifth, Sixth and Fourteenth Amendments;

(5)   denial of the right to effective assistance
of counsel on direct appeal when the NHSC
granted appellate counsel's withdrawal on
December 19, 2000, failed to appoint
alternate counsel and ordered Blackmer to
proceed pro se, in violation of the Fifth,
Sixth and Fourteenth Amendments (citing
Evitts v. Lucey, 469 U.S. 387 (1985)(holding

that the Due Process Clause of the Fourteenth
Amendment guarantees a criminal defendant
effective assistance of counsel on his first
appeal as of right));

(6) the NHSC lacked jurisdiction over Blackmer's
case when it denied him the Sixth Amendment
right to effective assistance of counsel and
Blackmer did not waive that constitutional
right (citing Johnson v. Zerbst, 304 U.S.
458, 468 (1938) (holding that if an accused
is not represented by counsel and has not
competently and intelligently waived his
constitutional right, the jurisdiction of the
trial court is lost, the judgment of
conviction pronounced by the court is void
and release from imprisonment may be obtained
by habeas corpus));

(7) trial court failed to compel the disclosure
of exculpatory evidence (citing in the motion
for reconsideration United States v. Basurto,
497 F.2d 781, 785-86 (9th Cir. 1974) (holding
that "the Due Process Clause of the Fifth
Amendment is violated when a defendant has to
stand trial on an indictment that is based
partially on perjured testimony, when the
perjured testimony is material, and when
jeopardy has not attached.") and United
States v. Munoz-Franco, 123 F. Supp. 2d 45,
52-53 (D.P.R. 2000) (same));

(8) trial counsel failed to defend Blackmer under
a unilateral theory of conspiracy in
violation of his rights under the Fourth,
Fifth, Sixth and Fourteenth Amendments;

(9) New Hampshire's conspiracy statute, N.H. Rev.
Stat. Ann. § 629:3, is void for vagueness and
ambiguous, in violation of Blackmer's right
to due process under the Fifth and Fourteenth
Amendments; and

     (10) conviction obtained by evidence seized
          pursuant to a non-arrest and unlawful search
          and seizure, in violation of Blackmer's
          Fourth Amendment right to be free from
          unreasonable search and seizure.

     The superior court denied his petition without a hearing on
November 17, 2004.  On November 26, 2004, Blackmer filed a motion
for reconsideration which was denied on December 16, 2004.  On
November 26, 2004, he filed a motion for hearing with the NHSC,
requesting the court to reconsider the superior court's dismissal
of his state court habeas petition, and a "demand for formal
findings and rulings of law."  He also filed a "demand to be
placed before the court" on or about November 30, 2004.  The
record is silent as to the disposition of his motion and demands.
On December 2, 2004, Blackmer filed with the NHSC a "motion to
amend motion for hearing and to reconsider dismissal of petition
under RSA 534 for writ of habeas corpus."  The record is silent
as to the disposition of the motion.

### Discretionary Appeal

     Blackmer filed a discretionary appeal with the NHSC on
January 11, 2005.  In his appeal and amendment thereto, he
challenged the superior court's dismissal of his habeas corpus
petition and raised the following claims relevant to this action:

(1)   denial of the Sixth Amendment right to effective
      assistance of counsel when trial counsel defended
      Blackmer under a bilateral theory of conspiracy
      and he was prosecuted, convicted and sentenced
      under a unilateral theory of conspiracy (citing
      Sears, 343 F.2d at 142 (holding that "as it takes
      two to conspire, there can be no indictable
      conspiracy with a government informer who secretly
      intends to frustrate the conspiracy"));

(2)   trial court improperly sentenced Blackmer
      under the unilateral theory of conspiracy
      when he was defended under the bilateral
      theory of conspiracy (citing Escobar de
      Bright, 742 F.2d at 1196 (holding there is no
      agreement or meeting of the minds when an
      individual conspires to violate the law with
      only one other person and that person is a
      government agent) and Sears, 343 F.2d at 142
      (holding that "as it takes two to conspire,
      there can be no indictable conspiracy with a
      government informer who secretly intends to
      frustrate the conspiracy"));

(3)   denial of the Sixth Amendment right to effective
      assistance of counsel on direct appeal[6];

(4)   New Hampshire's conspiracy statute, N.H. Rev.
      Stat. Ann. § 629:3, is void for vagueness and
      ambiguous in violation the Fifth, Fourth and
      Eighth Amendments and Blackmer's rights to due
      process and equal protection;

(5)   Blackmer incorporated and attached as an appendix
      all claims raised in his motion for new trial
      and habeas corpus petition and filed with the superior

---

[6]I generously construe Blackmer's additional allegation,
that the NHSC denied him assistance of counsel and "squandered
its jurisdiction in the first/direct court accepted #99-308
appeal," as a Sixth Amendment claim for denial of the right to
counsel on direct appeal.

court; and

(6)    conviction obtained by the prosecution's failure
       to disclose exculpatory evidence in violation of
       <u>Brady</u>, 373 U.S. 83, including the failure to
       disclose testimony of Drug Enforcement Agent
       Michael Connolly.

On June 13, 2005, the NHSC held that to the extent Blackmer
intended to appeal the superior court decision denying his motion
for a new trial his appeal was dismissed as untimely.  The NHSC
further held that to the extent Blackmer intended to appeal the
superior court decision denying his petition for a writ of habeas
corpus his appeal was declined.  The NHSC denied his motion for
reconsideration on September 15, 2005.

<u>Federal Habeas Corpus Petition</u>

Blackmer now brings the instant amended habeas corpus
petition, which I liberally construe to allege the following
twenty-six grounds for relief:

(1)    denial of the Sixth Amendment right to
       effective assistance of trial counsel when:

       a.    trial counsel defended Blackmer under a bilateral
             theory of conspiracy when he was prosecuted,
             convicted and sentenced under a unilateral theory
             of conspiracy, pursuant to N.H. Rev. Stat. Ann. §
             629:3, I  (Grounds 1, 22 and 23[7]); and

_____

[7]Because the instant petition challenges Blackmer's 1999
conviction, I construe the newly amended Ground 23 to allege
denial of the Sixth Amendment right to effective assistance of

16

   b. trial counsel misconstrued the New Hampshire
    conspiracy statute, N. H. Rev. Stat. Ann. § 629:3,
    I (Ground 2);

(2) denial of the Sixth Amendment right to a
  speedy trial when Blackmer was arrested in
  January 1996 and tried in March 1999 (Grounds
  3 and 14);

(3) N.H. Rev. Stat. Ann. § 629:3 is void for
  vagueness and ambiguous, in violation of
  Blackmer's Fourteenth Amendment right to due
  process (Ground 4).[8]

(4) conviction obtained by a defective indictment
  that failed to give notice of the offense
  charged, in violation of Blackmer's Fifth
  Amendment right to due process; Blackmer
  further asserts that his conviction was
  obtained under the unilateral theory of
  conspiracy when he was convicted under the
  bilateral theory of conspiracy in related
  criminal maters (Ground 11);

(5) conviction obtained by evidence seized
  pursuant to a non-arrest (Ground 5) and
  unlawful search and seizure (Grounds 8 and
  13), in violation of Blackmer's Fourth
  Amendment right to be free from unreasonable
  search and seizure;

(6) conviction obtained by prosecution's failure
  to disclose exculpatory evidence in violation
  of <u>Brady</u>, 373 U.S. 83 (Grounds 6-7 and 9),

---

trial counsel during those proceedings.

 [8]Blackmer has failed to identify any Fourth or Eighth
Amendment claim relating to the N.H. Rev. Stat. Ann. § 629:3,
therefore, I construe his claim to allege only a Fourteenth
Amendment violation.

including the failure to disclose memoranda from witness Jane Young (Ground 6), perjured testimony of Drug Enforcement Agent Michael Connolly (Ground 7) and the identity of Grafton County Deputy Sheriff Kenneth May (Ground 9);

(7)   denial of the Sixth Amendment right to appellate counsel (Grounds 10 and 15), including denial of counsel on direct appeal (Ground 15);

(8)   punishment imposed for violation of marijuana laws in violation of Blackmer's Eighth Amendment right to be free from cruel and unusual punishment, as the punishment is unduly severe for the crime charged (Ground 12);

(9)   conviction obtained by prosecution's interference with the attorney-client relationship, in violation of Blackmer's Sixth Amendment right to counsel (Ground 16);

(10)  denial of the right to a fair trial, in violation of Blackmer's Fourteenth Amendment right to due process, where the New Hampshire jury instruction pertaining to conspiracy erroneously described a bilateral theory of conspiracy and Blackmer was tried under a unilateral theory of conspiracy (Ground 17);

(11)  trial court lacked jurisdiction to impose the sentence because:

a.   the crime that was the object of the conspiracy was to be committed in Massachusetts, therefore, the trial court was required to sentence Blackmer in accordance with Massachusetts law (Ground 18) and

      b.    under New Hampshire conspiracy law, Blackmer was to be sentenced in accordance with Massachusetts or California conspiracy law with regard to the issue of intent to possess and sell marijuana (Ground 20);

(12) interference with Blackmer's Sixth Amendment right to counsel when (a) the trial court ordered counsel to file a notice of appeal that was inadequate and resulted in the NHSC declining to review seventeen of twenty claims raised in that appeal and (b) when the prosecution failed to disclose exculpatory evidence (Ground 19);

(13) conviction obtained in violation of Blackmer's Fourteenth Amendment right to due process, whereby Grafton County Deputy Sheriff Kenneth May committed the necessary overt acts in New Hampshire in order to establish a conspiracy claim against Blackmer (Ground 21);

(14) interference with Blackmer's Sixth Amendment right to effective assistance of counsel when trial court denied his motion for a mistrial despite prosecution's introduction of suppressed evidence (Ground 24);

(15) denial of the Sixth Amendment right to trial counsel (Ground 25); and

(16) denial of meaningful access to the courts arising from inadequate law library facilities (Ground 26).

**Discussion**

I.   <u>Custody and Exhaustion</u>

To be eligible for habeas relief, Blackmer must show that he

19

is in custody and has exhausted all state court remedies (or that he falls within a narrow category of cases in which exhaustion is not required, such as the absence of an available or effective state corrective process).  See 28 U.S.C. § 2254(a) & (b); see also Duncan v. Henry, 513 U.S. 364, 365 (1995).  He satisfies the first requirement as he is currently incarcerated at the Northern New Hampshire Correctional Facility and thus is in custody.  For the reasons discussed below, he satisfies the exhaustion requirement but only as to Grounds 1-4, 6-7, 9-12, 14-17, 19 and 22-25.

"Barring certain exceptional circumstances not present here, a habeas petitioner in state custody may not advance his or her constitutional claims in a federal forum unless and until the substance of those claims has been fairly presented to the state's highest court."  Barresi v. Maloney, 296 F.3d 48, 51 (1st Cir. 2002).  The exhaustion requirement, codified at 28 U.S.C. §§ 2254(b) & (c), is grounded in comity and affords states a full opportunity to correct constitutional violations before federal courts consider the issues.  See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  "The petitioner bears the heavy burden of demonstrating satisfaction of the exhaustion requirement."  Barresi, 296 F.3d at 51.

In order to "fairly present" a claim to a state's highest court, a petitioner must alert the state court "to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004)(citations omitted).  As the Supreme Court has held:

> A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"

Id., 541 U.S. at 32.  Similarly, the First Circuit has enumerated several ways in which a petitioner might satisfy his obligation to fairly present a federal constitutional issue to a state's highest court, including: "(1) citing a specific provision of the Constitution; (2) presenting the substance of a federal constitutional claim in such manner that it likely alerted the state court to the claim's federal nature; (3) reliance on federal constitutional precedents; and (4) claiming a particular right guaranteed by the Constitution."  See Goodrich v. Hall, 448 F.3d 45, 47-48 (1st Cir. 2006)(quoting Gagne v. Fair, 835 F.2d 6, 7 (1st Cir. 1987)).  The exhaustion requirement can also be satisfied where a claim arising under state law is "indistinguishable from one arising under federal law," the federal issue may be deemed to have been "fairly presented" to

21

the state court if the claim was originally couched in terms of state law.  Id. (quoting Nadworny v. Fair, 872 F.2d 1093, 1099 (1st Cir. 1989)).

In the instant petition, Blackmer raises twenty-six grounds for federal habeas corpus relief.  I previously ordered him to amend the petition to demonstrate exhaustion of Grounds 1-4, 6-7, 9-12, 14-20 and 22-25 (document no. 26).  I further recommended dismissal of Grounds 5, 8, 10, 13, 15, 21 and 26[9] (document no. 25), and my report and recommendation was subsequently approved by the United States District Court Judge.  Blackmer now amends his petition and objects to the dismissal of the aforementioned grounds.

A.   Dismissed Claims

As to Grounds 5, 8, 10, 13, 15, 21 and 26, the amended petition does not alter my analysis set forth in the previous report and recommendation and order, recommending dismissal of those grounds.  Accordingly, I adopt my recommendation there (document nos. 25 & 26).  In reaching this conclusion, I have carefully considered Blackmer's amendments to the grounds and his objections to their dismissal.

---

[9]As noted above, Grounds 10 and 15 were dismissed only in part.

22

B.   <u>Noncognizable Claims</u>

Grounds 18 and 20 of the petition challenge the trial court's jurisdiction to impose Blackmer's sentence.  Ground 18 alleges that the crime that was the object of the conspiracy was to be committed in Massachusetts, therefore, the trial court was required to sentence Blackmer in accordance with Massachusetts law (Ground 18).  Ground 20 alleges that under New Hampshire conspiracy law, Blackmer was to be sentenced in accordance with Massachusetts or California conspiracy law with regard to the issue of intent to possess and sell marijuana.

It is well-established that "[a] federal court may not issue the writ on the basis of a perceived error of state law."  <u>Pulley v. Harris</u>, 465 U.S. 37, 41 (1984).  Rather, in conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States.  <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67–68 (1991) (holding that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").  Because Grounds 18 and 20 raise issues of state law and fail to identify a federal claim, I conclude that they are not cognizable on federal habeas review and recommend they be dismissed.

C.   <u>Exhausted Claims</u>

As to Grounds 1-4, 6-7, 9-12, 14-17, 19 and 22-25, I conclude that Blackmer has demonstrated exhaustion of state remedies.  As evidenced by his direct appeal, state court habeas corpus petition, discretionary appeal and supporting documents, he has presented the substance of his claims to the New Hampshire Supreme Court.  In his discretionary appeal, he referred to his federal claims, incorporated by reference the federal claims raised in his state court habeas petition and attached a copy of his state court habeas petition and supporting documents.  While Blackmer could have presented his federal constitutional issues in a more direct and precise manner, his state court appeals, when read in conjunction with his supporting documents, were minimally sufficient to apprise the New Hampshire Supreme Court of the federal constitutional dimension of his claims.  For purposes of preliminary review, I conclude that he presented the substance of the federal constitutional claims in such manner that it likely alerted the state court to the federal nature of the claims.  Accordingly, I conclude that Blackmer has demonstrated exhaustion of state remedies as to Grounds 1-4, 6-7, 9-12, 14-17, 19 and 22-25.

## Conclusion

For the reasons stated above, and by separate order issued simultaneously herewith, I recommend that the petition be served upon the respondent as to Grounds 1-4, 6-7, 9-12, 14-17, 19 and 22-25.  As to Grounds 5, 8, 10, 13, 15, 21 and 26, the amended petition does not alter my analysis set forth in the previous report and recommendation and order, recommending dismissal of those grounds.[10]  Accordingly, I adopt my recommendation there (document nos. 25 & 26).  Grounds 18 and 20 fail to state a claim upon which federal habeas corpus relief may be granted, therefore, I recommend they be dismissed.

If this Report and Recommendation is approved, the claims as identified herein will be considered for all purposes to be the claims raised in the petition.  If the petitioner disagrees with the identification of the claims herein, he must do so by objection filed within ten (10) days of receipt of this Report and Recommendation, or he must properly move to amend the petition.

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to

---

[10]As noted above, Grounds 10 and 15 were dismissed only in part.

25

file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).


_____
James R. Muirhead
United States Magistrate Judge

Date: September 7, 2006

cc:   Paul Blackmer, pro se